```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
VANDIKEY DINALL,                                     :
                                                     :
                        Plaintiff,                   :
                                                     :
         -against-                                   :     SUMMARY ORDER
                                                     :     18-cv-03998 (DLI)
THOMAS CIOPPA, KIRSTJEN NIELSEN,                     :
AND JEFFERSON B. SESSIONS, III,                      :
                                                     :
                        Defendants.                  :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Before the Court is the Motion for Reconsideration of Sanctions (the "Motion for Reconsideration") filed by Audrey Thomas ("Thomas" or "Counsel"), Plaintiff's counsel. Dkt. Entry No. 8 ("Mot."). For the reasons set forth below, the Motion for Reconsideration is denied in its entirety and the Court imposes sanctions on Thomas, as noticed in the Court's Order issued on January 30, 2020.

## BACKGROUND

On July 11, 2018, Plaintiff Vandikey Dinall ("Plaintiff") filed a complaint seeking *de novo* review and adjudication of his naturalization application pursuant to 8 U.S.C. § 1421(c). Dkt. Entry No. 1. On October 29, 2018, Plaintiff filed a declaration of service of the summons on Defendants Thomas Cioppa, Kirstjen Nielsen and Jefferson B. Sessions, III ("Defendants"). Dkt. Entry No. 6.

On January 9, 2020, the Court entered a notice of impending dismissal for failure to prosecute and/or lack of proper service, noting that service was improper as it failed to comply with the requirements of Federal Rule of Civil Procedure 4(i), and since the filing of the Complaint, more than a year and a half earlier, no other action had been taken to move the case forward. The

Court ordered Plaintiff to file proof of proper service of the Complaint no later than January 23, 2020, and otherwise move the case forward, warning that failure to do so would result in dismissal of the case.

Plaintiff failed to comply with this Court's January 23, 2020 Order and failed to seek an extension of the deadline or otherwise explain its failure to comply. Accordingly, on January 30, 2020, the Court entered an Order of Dismissal for failure to prosecute, and directed Plaintiff to serve a copy of the Order on Defendants within five days and immediately thereafter file proof of such service with the Court. The Court warned that failure to comply timely with the Order would result in the impositions of sanctions, including a fine of $25 for each day of non-compliance. The Court further stated that, "A review of Plaintiff's counsel's cases in this court shows a concerning disregard for court orders and lack of compliance therewith."

On February 18, 2020, Thomas filed two documents purportedly on behalf of Plaintiff: the instant Motion for Reconsideration, Dkt. Entry No. 8, and a notice of service (erroneously labeled as a notice of dismissal), Dkt. Entry No. 7. The service described in Thomas' February 18 notice was improper under Federal Rule of Civil Procedure 4(i), and Thomas has failed to seek an extension of the deadline or otherwise explain her failure to comply. Accordingly, Thomas remains in violation of the Court's January 30, 2020 Order.

## LEGAL STANDARD

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). Typical grounds for reconsideration include "'an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The Motion for Reconsideration fails to acknowledge, let alone attempt to meet, this demanding standard.

**DISCUSSION**

Counsel states that she was terminated by Plaintiff in 2018, and that she thereafter "tendered him his file alongside a substitution of counsel." Mot. at 1. Nonetheless, at no time did Counsel seek leave from the Court to withdraw from the case, as required by Local Civil Rule 1.4, nor did she make any other appearances on Plaintiff's behalf. As a result, Plaintiff effectively was rendered unrepresented as the case languished, and the Court issued a notice of impending dismissal for failure to prosecute and/or improper service.

At best, a generous reading of the Motion for Reconsideration could lead the Court to conclude that Thomas was unaware of the requirements of Local Civil Rule 1.4, thus explaining her failure to seek leave from the Court to withdraw. However, all attorneys admitted to practice before this Court are presumed to be familiar with all the federal rules, civil and criminal, and all local rules. To make matters worse, Counsel concedes that she "did not pay attention" to the Court's Orders in this matter. *See*, Mot. at 1.[1] There is simply no excuse for Counsel's non-compliance with the Code of Professional Responsibility, or the federal rules and the rules of this

---

[1] Curiously, Thomas states in the Motion for Reconsideration that she has "appeared on matters before this Court, specifically USA v Snyder [sic] 1-09-CR-00765-RMB." Mot. at 1. *United States v. Snyder*, 09-cr-00765 (RMB), is pending before the Honorable Richard M. Berman in the U.S. District Court for the Southern District of New York.

3

Court. Worse yet, Counsel's utter disregard for her responsibilities as an officer of the court has now resulted in the dismissal of Plaintiff's case.

The Motion for Reconsideration fails to meet the demanding legal standard for reconsideration. Accordingly, the Motion is denied and sanctions are imposed on Thomas, in the form of a fine in the amount of $325, equal to $25 for each day of non-compliance with the Court's January 30, 2020 Order, payable to the Clerk of Court within thirty (30) days from the date of this Order, i.e., no later than April 8, 2020.

SO ORDERED.

Dated: Brooklyn, New York
       March 9, 2020

/s/
DORA L. IRIZARRY
U.S. District Judge